# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE SOOCEY,

    Defendant.

CASE NO. MJ19-5244-MLP

DETENTION ORDER RE: ALLEGATIONS OF VIOLATION OF CONDITIONS OF BOND

THIS MATTER comes on for an initial hearing on the Petition of the United States Probation Office alleging that the defendant has violated the conditions of supervision on pretrial bond. The government made a motion for detention.

The government appears by phone through Assistant United States Attorney Gregory Gruber.

The defendant appears by video conference personally and is represented by counsel, Assistant Federal Public Defender Colin Fieman, who appears by phone.

The U.S. Probation Office, Pretrial Services Officer Ben Beetham, appears by phone. Pretrial Services has filed (Dkt.30, 33) a petition and

supplemental violation report alleging violations #1 through #3 of the terms and conditions of supervision (terms and conditions imposed by Magistrate Judge David Christel, Dkt. 28, 29). The defendant has been advised of the allegation(s).

The Court schedules a hearing on the petition concerning all violations (1-5) to be held at the time, place, and date below:

*Date of hearing: April 7, 2020 before the Honorable J. Richard Creatura, United States Magistrate Judge, United States District Court, 1717 Pacific Avenue, Tacoma, Washington 98402*

*Time of hearing: 1:30 PM*

IT IS ORDERED that the defendant

__ Be released on an appearance bond, subject to the terms and conditions set forth thereon.

X Be detained because Mr. Soocey poses a serious risk of flight and potential for danger to the community, and there is no condition or combination of conditions that would reasonably ensure community safety or Mr. Soocey's appearance for court, including the upcoming revocation hearing. Under 18 U.S.C. Section 3148, if there is probable cause to believe that the defendant has committed a federal, state, or local crime while on release pending trial, a rebuttable presumption of detention applies. The Court also considered the factors that are to be weighed in determining whether a defendant should be detained pending trial, 18 U.S.C. Section 3142 (g).

The Court reviewed the allegations and considered the arguments and information presented by both parties, and by United States Probation and Pretrial Services during the detention hearing. The Court finds by a preponderance of the evidence that Mr. Soocey is a risk of flight or risk of failure to appear, because the Pretrial Services petition indicates he absconded from supervision and changed his residence on or about March 10, 2020. Dkt. 31. In addition, Mr. Soocey allegedly failed to report for drug testing on March 12, 2020. Dkt. 31. According to the supplemental report, a urinalysis report shows that the national lab confirmed Mr. Soocey's sample (taken March 6, 2020) tested positive for methamphetamine. Dkt. 33 at 2.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending the hearing before Judge Creatura on April 7, 2020 and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 31st Day of March 2020

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge